IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUSTAVO OTERO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-319 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| SUPERINTENDENT OF SCI-FAYETTE, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND OPINION**

Gustavo Otero is a state prisoner currently incarcerated at the State Correctional Institution at Retreat ("SCI-Retreat"), located in Hunlock Creek, Pennsylvania.  Plaintiff alleges in this prisoner civil rights lawsuit that he was transferred from the State Correctional Institution at Fayette ("SCI-Fayette") to SCI-Retreat in July, 2008, and that had already paid for cable television service and for commissary items at the time of his transfer.  Plaintiff asserts that he was never provided the cable service or commissary items, and that prison officials refused to credit his prison account for those expenditures.  Defendants move to dismiss (Doc. 13) on the basis that the exhibits attached to Plaintiff's Complaint establish that he failed to properly exhaust administrative remedies.

A.     **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief

1

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

__U.S.__, 129 S.Ct. 1937, 1949 (2009).

### B.     Analysis.

No Section 1983 action may be commenced by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). Section 1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued . . .)." Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004). "[I]t is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). An untimely administrative appeal does not satisfy the exhaustion requirement. Id. While a prisoner must comply with prison procedures, "compliance with the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis, 204 F.3d at 77-78.

The Pennsylvania Department of Corrections Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: (1) the initial grievance submitted to the Facility Grievance Coordinator; (2) an intermediate level of appeal to the

Facility Manager (Superintendent); and (3) a final level of appeal to the Secretary's Office of Inmate Grievances and Appeals.  <u>See</u> Commonwealth of Pennsylvania, DOC, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI.  <u>See</u> <u>also</u> <u>Booth v. Churner</u>, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining the grievance review process).

      The facts are not in dispute.  Plaintiff was transferred to SCI-Retreat on July 10, 2008, and did not file a grievance concerning his commissary items or cable service until October 27, 2008 (Doc. 1, Ex. A).  Plaintiff asserts that he delayed in filing his grievance in reliance upon prison officials who allegedly told him to "wait and give it time" (Doc. 19-2, p. 1).  Plaintiff's grievance was denied as untimely, and Plaintiff appealed to the Superintendent, who affirmed the denial (<u>Id</u>., p. 2).  Plaintiff then states that he decided not to pursue his appeal to the final stage of review because it "would have been moot" (Doc. 19-2, p. 2).  The Court understands Plaintiff to mean that it would have futile for him to file an appeal to final review.  However, there is no "futility" exception to the administrative exhaustion requirement.  <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 206 (3d Cir. 2002).  Therefore, Plaintiff has failed to exhaust administrative remedies, and his Complaint must be dismissed.[1]

      AND NOW, this 12th day of November, 2009,

      IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Doc. 13) is GRANTED.  The Clerk is directed to mark this case CLOSED.

                                s/Cathy Bissoon
                                CATHY BISSOON
                                UNITED STATES MAGISTRATE JUDGE

---

1    Plaintiff's Complaint should be dismissed for the additional reason that "an unauthorized intentional deprivation of property does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy is available for the loss."  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  The Pennsylvania Department of Corrections's grievance procedure is an adequate post-deprivation remedy.  <u>Tillman v. Lebanon County Corr. Facility</u>, 221 F.3d 410, 422 (3d Cir. 2000).

cc:
GUSTAVO OTERO
GP-9813
SCI Retreat
660 State Route #11
Hunlock Creek, PA 18621-3136